UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUGMAN,<br><br>         Petitioner,<br><br>v.<br><br>PATRICK EATON, et al.,<br><br>         Respondents. | Case No.: 22cv1350-RBM(LR)<br><br>**REPORT AND RECOMMENDATION RE: PETITIONER'S MOTION TO STAY PROCEEDINGS**<br><br>**[ECF No. 6]** |

  This Report and Recommendation is submitted to United States District Judge Ruth B. Montenegro pursuant to 28 U.S.C § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Petitioner, a state prisoner represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on September 8, 2022, raising the single, exhausted claim that the trial court violated his federal constitutional right to due process under the Fourteenth Amendment because he was convicted of assault with a deadly weapon despite insufficient evidence. (See Pet., ECF No. 1 at 3, 6.) Petitioner concurrently filed a Memorandum in support of his Petition (Pl.'s Mem., ECF No. 5) as well as an "Application to hold [his] Federal Habeas Petition in Abeyance Pending Exhaustion of Issues in State Court" on October 10, 2022. (See Pet'r's Stay Mot., ECF

No. 6 ("Stay Mot.").)

Pursuant to Rhines v. Weber, 544 U.S. 269 (2005), Petitioner asks the Court to stay this case while he exhausts claims regarding newly discovered evidence and ineffective assistance of counsel. (See Stay Mot. at 2-3.) Respondents filed a Response to Petitioner's Stay Motion on November 9, 2022, noting that while they have no objection to this action being stayed pending Petitioner's exhaustion of the other claims in state court, the stay should be granted under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) and King v. Ryan, 564 F. 3d 1133 (9th Cir. 2009), rather than Rhines. (See Resp'ts' Resp. ("Resp."), ECF No. 8 at 1-2.) For the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Stay Motion pursuant to Rhines be **DENIED** and **GRANTED** under Kelly.

## I.     RELEVANT BACKGROUND

Petitioner was convicted by juries in two separate trials of numerous criminal offenses, including corporal injury to someone with whom he had a dating relationship and assault with a deadly weapon. (See ECF No. 8-2 at 1-2.) Petitioner was initially charged on February 6, 2018. (See ECF No. 8-5 at 10.) The trial court sentenced Petitioner to a prison term of 25 years and eight months on August 21, 2019. (See id. at 13.)

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on September 8, 2022, raising a single claim that the trial court violated his constitutional right to due process under the Fourteenth Amendment because he was convicted of assault with a deadly weapon despite insufficient evidence:

> Petitioner was convicted of assault with a deadly weapon based upon a collision he had with another car. The Defense acknowledged that [P]etitioner[']s driving was reckless. However, the record does not support a reasonable inference that at the time of the collision [P]etitioner committed an act that he knew would directly and probably result in battery.

(ECF No. 1 at 6.)  He had previously raised this claim by direct appeal, and the California Supreme Court denied review one year and ninety days prior, on June 9, 2021.  (ECF No. 8-2.)

On October 10, 2022, Petitioner filed the instant Motion for Stay and Abeyance, indicating for the first time that he has filed a petition in state court presenting additional claims related to newly discovered evidence and ineffective assistance of counsel.  (See Stay Mot. at 6-7.)  Specifically, he claims that the newly discovered evidence includes facts "that would have rebutted the rape of an unconscious victim charge," as well as false claims that the victim made to the police about being the victim of domestic abuse.  (Stay Mot. at 2-3.)  Respondents note that although Petitioner has specifically requested a stay under Rhines, which permits a court to stay a petition containing both exhausted and unexhausted claims, such a stay is unnecessary because the petition presently before the Court only contains one fully exhausted claim.  (See Resp. at 1, 3-4.)  Accordingly, as Respondents argue, a stay under Kelly is appropriate here, and they do not oppose such a stay.  (Id.)

## II.   DISCUSSION

### A.   Legal Standard

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each of the issue(s) presented. 28 U.S.C. § 2254(b)(1)(A); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies").  Generally, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[] that no state remedy remains available."  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971)).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  See Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Federal district courts may not consider a "mixed" federal habeas petition—one which contains both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982).

There are two procedures available to federal habeas petitioners who present both exhausted and unexhausted claims for relief in the same petition. Under the Rhines procedure, a district court may stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims. 544 U.S. at 277-78; see also King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). For a Rhines stay, a petitioner must establish, amongst other requirements, that good cause exists for his failure to exhaust the claim for which a stay is sought and that the claims are potentially meritorious. 544 U.S. at 277-78.

An additional stay procedure exists in the Ninth Circuit—the Kelly stay—as it is commonly known. See 315 F.3d at 1070-71, overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). This procedure is also typically invoked when a mixed petition is submitted:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition.

King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking a Kelly stay need not show good cause but must establish that the newly exhausted claims, once amended into the existing petition, will be timely under AEDPA or "relate back" to the exhausted claims in the pending federal petition. See King, 564 F.3d at 1140-41; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005).

In contrast with the Rhines procedure, the Kelly procedure does not protect a

petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal court. See King, 564 F.3d at 1140-41; see also Quintero v. Foss, No. 2:20-CV-00200-TLN-CKD P, 2021 WL 5054202, at *1 (E.D. Cal. Nov. 1, 2021) (citing Duncan v. Walker, 533 U.S. 167, 172-75 (2001)) (noting that unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141. The processes in both Kelly and Rhines "are directed at solving the same problem—namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in [Rose]." Id. at 1136.

**B.    Analysis**

Petitioner asks that the Court enter a Rhines stay so that he can return to state court to exhaust clams related to newly discovered evidence and ineffective assistance of counsel. (See Stay Mot. at 2-4.) He specifically cites to Rhines as the basis of his motion and contends that he has met the requirements for his federal Petition to be held in abeyance while he exhausts the other claims in state court. (See id. at 6.) The Petition, however, only includes one exhausted claim, and Petitioner has not sought to amend the Petition to add his unexhausted claims. (See ECF No. 1.) Because the instant Petition is not mixed, the Rhines analysis is inapplicable. See Barbarin v. Madden, Case No. EDCV 17–257–VBF (GJS), 2017 WL 3726763, at *3 (C.D. Cal. June 30, 2017) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)) (noting that Rhines stays apply only to mixed petitions—not fully exhausted ones).

Although a Rhines stay is inappropriate when a petition is not mixed, courts within the Ninth Circuit have concluded that the procedure delineated in Kelly can be used to stay fully exhausted petitions in some circumstances. See, e.g., Patton v. Beard, No. 14–CV–569–BEN (BLM), 2015 WL 1812811, at *4-6 (S.D. Cal. Apr. 20, 2015) (finding the Rhines stay procedure inapplicable because the petition was not mixed and construing the petitioner's request for a Rhines stay as a request for a Kelly stay); Reid v. Sherman, No.

2:20-CV-1596-KJM-DMC-P, 2022 WL 4086916, at *1 (E.D. Cal. Sept. 6, 2022) ("If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in [Kelly] applies."). Even though Petitioner has not submitted a mixed petition, other courts have analogized similarly situated petitioners to those who have already completed step one of the Kelly withdrawal and abeyance process:

> This Court acknowledges that Petitioner did not start on the same procedural ground as the normal Kelly petitioner; with a mixed petition. Petitioner is, however, in the same procedural posture as any Kelly-petitioner that has taken step-one; he possesses a fully exhausted habeas claim and prays that the Court grant a stay. Accordingly, the Court believes the rules governing Kelly apply in the instant case.

Haskins v. Schriro, No. CV 05-3252-PHX-MHM (JM), 2009 WL 3241836, at *7 (D. Ariz. Sept. 30, 2009); see also Canela v. Allison, Case No.: 19cv1434-GPC (MSB), 2022 WL 2188388, at *4 (S.D. Cal. June 17, 2022) (applying Kelly to the petitioner's request to stay a fully exhausted petition).

The Court agrees with the reasoning in the opinions cited above that the Rhines stay and abeyance procedure is not available to Petitioner. Accordingly, the Court will consider the Stay Motion under the Kelly stay framework. To qualify for a Kelly stay, Petitioner must show that the unexhausted claims will be timely following their exhaustion when he seeks to amend the Petition to include them. To meet the timeliness requirement, Petitioner must show that either the limitations period will not have run by that time—or if it has—that the unexhausted claims relate back to the exhausted claims contained in the original petition, thus obtaining the benefit of the original filing date. See Canela, 2022 WL 2188388, at *4 (citing Hughes v. Walker, No. 2:10-cv-3024 WBS TJB, 2012 WL 346449, at *5 (E.D. Cal. Feb. 1, 2012)) (noting that a petitioner's new claims must either relate back to original claims raised in the federal habeas petition or must be independently timely under AEDPA to qualify for a Kelly stay). Moreover, in

accordance with AEDPA, there is a one-year statute of limitations for bringing a habeas corpus petition in federal court and claims not exhausted and presented to the federal court within the one-year period are forfeited. See 28 U.S.C. § 2244(d).

The one-year AEDPA statute of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The California Supreme Court denied Petitioner's Petition for Review on June 9, 2021, and Petitioner's judgment became final for the purposes of AEDPA ninety days later, on September 7, 2021. (See ECF No. 8-4); see also Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin to run until after expiration of ninety-day period for seeking certiorari). Accordingly, the AEDPA statute of limitations in this case began to run on September 8, 2021, the day after Petitioner's conviction became final, and expired one year later, on September 8, 2022. See 28 U.S.C. § 2244(d)(1)(A); Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (the one-year AEDPA statute of limitations begins to run the day after the conviction becomes final); see also Espinoza v. Lopez, No. 1:10–cv–01211–JLT, 2012 WL 2995475, at *3 (E.D. Cal. July 23, 2012) (describing the anniversary method of calculating the statute of

limitations under AEDPA).  Petitioner filed the instant Petition in federal court on September 8, 2022, the day that the statute was set to run.  (See ECF No. 1.)  Because Petitioner filed his Petition before the AEDPA deadline had passed, the Petition is timely.

The instant Petition, asserting only exhausted claims, therefore satisfies the first step under Kelly.  As set forth above, the Court is not required to find good cause to proceed to the next step of Kelly by granting Petitioner's motion to stay and holding the Petition in abeyance while petitioner exhausts his remaining claims in state court.  Petitioner is cautioned, however, that exhaustion in state court does not guarantee federal review at the third step of Kelly.  See, e.g., Lawton v. Muniz, Case No. 1:17-cv-00737 MJS (HC), 2017 WL 6730415, at *3 (E.D. Cal. Dec. 29, 2017) (collecting cases and noting that a newly exhausted claim that is untimely under AEDPA may be added only if it relates back to the original exhausted claims).  Petitioner contends—and Respondents appear to concede—that he filed his unexhausted claims in state court before he filed his federal petition, and that none of these claims will be untimely under AEDPA once they are fully exhausted.  (See Stay Mot. at 6-7 ("petitioner in this case actually filed in state court *before* he filed in federal court and *before* the one-year federal statute expired"); Resp. at 5 ("[Petitioner] filed his fully exhausted federal petition on September 8, 2022, one day before the federal statute of limitations expired.  He filed his first state habeas petition one week earlier.  Therefore, it appears that at present, none of his actually raised or potential claims are time barred.").)

Accordingly, while the Court will recommend that Petitioner's motion be granted with respect to the instant Petition, it does not reach the question of whether any of the new claims Petitioner is exhausting in state court may later be presented through an amendment.  The Court will address that question if Petitioner seeks leave to present his newly exhausted claims in an amended federal petition pursuant to the third step of the Kelly procedure.

The undersigned therefore **RECOMMENDS** that Petitioner's Stay Motion be **GRANTED** pursuant to Kelly.  Petitioner's federal habeas petition should be held in

abeyance to afford Petitioner the opportunity to exhaust his state judicial remedies with regard to his claims of newly discovered evidence and ineffective assistance of counsel.

### III.  CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **DENYING** Petitioner's Stay Motion pursuant to Rhines but **GRANTING** Petitioner's Stay Motion pursuant to Kelly.

**IT IS ORDERED** that no later than **May 17, 2023**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 31, 2023**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  May 2, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge